REDMANN, Judge.
The uncontradicted testimony and a “release” signed by the agent of Mack Financial Corporation (a corporate relation of plaintiff) and by defendant shows that the two mortgaged trucks were returned to plaintiff (through the financial corporation’s agent) about two months prior to their judicial seizure by plaintiff. Also un-contradicted is defendant’s and another witness’s testimony that the financial corporation’s agent promised that defendant would be released from further liability upon returning the trucks. We would therefore find plaintiff estopped from collecting the balance due, for the reasons of Int. Harv. Cred. Corp. v. Am. Troubleshooters, Inc., La.App. 4 Cir. 1976, 338 So.2d 708.
Plaintiff further argues, however, that the Motor Vehicle Certificate of Title law, at La.R.S. 32:705, requires transfer of a vehicle only by assignment on the reverse of the certificate of title, and therefore defendant cannot have effected a giving of the trucks in payment of the debt. We tend to agree; but giving in payment is not the theory of Int. Harv., supra.
Affirmed.